UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RODOLFO ANTONIO LOPEZ, JR. ,

    Plaintiff,

v.                                        Case No: 6:17-cv-1107-Orl-37TBS

UNITED STATES OF AMERICA,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). Upon review of the motion and the complaint, I respectfully recommend that the motion be **DENIED** and that Plaintiff's complaint be dismissed, without leave to amend.

### I. Background

On June 16, 2016, Plaintiff filed his pro se complaint against the United States of America – its Executive Branch, Legislative Branch, and Judicial Branch – claiming a far-reaching "conspiracy." (Doc. 1). Upon review, I determined that the complaint fails to state a cause of action cognizable in this Court, and I gave Plaintiff twenty-one days to amend his pleading (Doc. 3). My Order cautioned Plaintiff that failure to timely amend would result in a report and recommendation to the district judge to dismiss the case (Id.). The time has now expired, and Plaintiff has not filed an amended complaint or any other paper.

### II. Discussion

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28

U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001).

Plaintiff's complaint does not meet this standard. He purports to sue the United States - its Executive Branch, Judicial Branch, and Legislative Branch - claiming a far-reaching "conspiracy." Specifically:

> PLAINTIFF seeks understanding of a long term illegal and secretive CONSPIRACY set up on all levels by DEFENDANT to this case, United States of America, of the United States Government covering all branches of the Executive, Legislative, and Judicial branch. The claim by PLAINTIFF, Mr. Lopez, results in a federal question on the basis of legality and use of the DEFENDANT, United States of America, powers through all levels of government.
>
> PLAINTIFF to this case, Mr. Lopez, has been involuntarily involved in an illegal CONSPIRACY committed by DEFENDANT, United States of America and this claim of conspiracy by PLAINTIFF, has spanned over a decade. In this time frame, PLAINTIFF, Mr. Lopez, has been forced under the control of the United States Government on all levels and involuntarily.

(Doc. 1 at 4).

Plaintiff avers that he "does not seek any damages or relief of any kind" (Doc. 1 at 4), but

> As compensation of relief, PLAINTIFF, Mr. Lopez, requests a full and rightful review of the similarity of forced control in the hostile take over of the Kingdom of Hawaii in 1898 by DEFENDANT, United States of America. Furthermore, PLAINTIFF to this case, Mr. Lopez, seeks review of the monetary exchange between United States of America and the Russian Empire for the purchase of Alaska in 1867. PLAINTIFF, Mr. Lopez, believes he is justified a full and rightful review of the named occurrences by DEFENDANT, United States of America, upon establishment of Jury decision to this case as a federal question within the entirety of the confines of the United States Constitution of 1789. The federal question posed here is if the United States Government can exercise use of power through means of a working and active conspiracy toward and against a citizen of the United States of America.

(Id. at 5). Plaintiff's complaint is frivolous as a matter of law. To the extent he disclaims any right to relief of any kind, there is no case or controversy for the Court to adjudicate. To the extent Plaintiff seeks "review" of the circumstances leading to the establishment of the states of Alaska and Hawaii, there is no showing that such a cause of action exists.

Assuming such a cause of does action exist, Plaintiff has not pled any facts that show that he has standing to pursue the claim (let alone that this is the correct forum for such an inquiry). Plaintiff's allegation that he has been "forced under the control of the United States" is too general and vague to evaluate. Put simply, Plaintiff fails to provide a short and plain statement of his claim, alleging facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" <u>Ashcroft.</u>

### III. Recommendation

As Plaintiff fails to state a cognizable cause of action and has failed to amend his complaint, despite opportunity to do so, I respectfully recommend that his motion to proceed in forma pauperis be **DENIED** and that his complaint be **DISMISSED**, without leave to amend.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 12, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties